[No. B025650. Second Dist., Div. Two. Mar. 26, 1987.]

CHERI WOODS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Paul C. Caruso for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

OPINION

THE COURT.*—A defendant in a criminal case here seeks a writ of mandate or prohibition requiring respondent court to honor the peremptory challenge she filed against the judge scheduled to try the case. (See Code Civ. Proc., § 170.6.)

 Petitioner is charged with violations of Penal Code sections 266h and 266i. In a second case (No. A 814241), petitioner is charged with several other offenses. In December 1986 both cases were awaiting trial. The instant case was set for trial on December 17 in Department Northwest S, where the Honorable Darlene E. Schempp ordinarily presides. The second case was also set for trial in the same department.

On December 4 petitioner filed in both cases essentially identical affidavits of prejudice against Judge Schempp. Judge Schempp honored the peremptory challenge in the second case and transferred it to another department. But in the instant case, she denied the challenge as untimely filed. (See Code Civ. Proc., § 170.4, subd. (b).) On October 30, she had presided at an evidentiary hearing on petitioner's motion to suppress evidence in the instant case. In rejecting the peremptory challenge, Judge Schempp relied on *In re Abdul Y.* (1982) 130 Cal.App.3d 847, 857-861 [182 Cal.Rptr. 146], which held that a peremptory challenge is untimely if made after the challenged judge has heard a motion to suppress evidence, because such a motion involves "a determination of contested fact issues relating to the merits." (See Code Civ. Proc., § 170.6, subd. (2).)

Under the particular circumstances of this case, however, the challenge should have been allowed, notwithstanding the rule of *Abdul Y.* Here two cases were pending simultaneously against the same defendant before the same judge. The defendant filed peremptory challenges against the judge the

---

*Before Roth, P. J., Gates, J., and Fukuto, J.

same day in both cases. To grant one challenge and reject the other creates an appearance of impropriety which should have been avoided by granting both.

This is a proper case for issuance of a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) All parties were informed by order that this court was considering issuing a peremptory writ in the first instance. The matter having been fully briefed, issuance of an alternative writ would add nothing to the exposition of the issues.

Let a peremptory writ of mandate issue, directing respondent court to vacate its order of December 17, 1986, striking as untimely petitioner's section 170.6 challenge, and to enter a new and different order granting the challenge.